# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONSTAR MORTGAGE LLC, *et al.*,

    Plaintiffs,

  vs.

OPERTURE, INC.,

    Defendant.

Case No.: 2:17-cv-03056-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Default Judgment, (ECF No. 12), filed by Plaintiffs Nationstar Mortgage LLC ("Nationstar") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Plaintiffs") against Defendant Operture, Inc. ("Operture"). For the reasons discussed below, Plaintiffs' Motion is **GRANTED**.

## I. BACKGROUND

This case arises out of the non-judicial foreclosure on real property located at 8101 W. Flamingo Road, Unit 1010, Las Vegas, Nevada APN 163-21-514-018 (the "Property"). (*See* Compl. ¶ 1, ECF No. 1). In 2005, Bojan Nenadic ("Borrower") obtained title to the Property through a loan secured by a deed of trust (the "DOT"). (*Id.* ¶¶ 18, 20). Freddie Mac acquired ownership of the loan, including the DOT, in March 2005. (*Id.* ¶ 23). Plaintiff Nationstar, through a series of assignments, subsequently became servicer and record beneficiary of the DOT for Freddie Mac. (*Id.* ¶¶ 25–27).

Upon Borrower's failure to pay all amounts due, non-party Copper Sands Homeowners Association Inc. ("HOA") recorded a notice of delinquent assessment lien, followed by a notice of default and a notice of trustee's sale. (*Id.* ¶¶ 35–39). On January 21, 2015, Defendant Operture purchased the Property for $31,000 and recorded a foreclosure deed in its favor. (*Id.* ¶ 40).

On December 13, 2017, Plaintiffs filed their Complaint bringing the following causes of action against Operture: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title; (3) declaratory relief pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution; (4) quiet title under the Fifth and Fourteenth Amendments; (5) declaratory relief; and (6) injunctive relief. (*Id.* ¶¶ 91–148). In light of Operture's failure to appear in this action, Plaintiffs filed the instant Motion for Default Judgment, (ECF No. 12).

## II. **LEGAL STANDARD**

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Fed R. Civ. P. 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

Plaintiffs move for default judgment against Operture and request that the Court grant declaratory relief. (*See* Mot. for Default J.1:20–2:4, ECF No. 12). Plaintiffs have initiated the two-step process required by Rule 55 by moving for clerk's entry of default, (ECF No. 10), which the clerk of court subsequently entered, (ECF No. 11). In accordance with Rule 55(b), Plaintiffs bring the instant Motion, (ECF No. 12).

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of Plaintiffs, and against Operture in this action. The first *Eitel* factor weighs in favor of default judgment. A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies this first factor. *See, e.g.*, *Bank of Am., N.A. v. Terraces At Rose Lake Homeowners Ass'n*, No. 2:16-cv-01106-GMN-PAL, 2018 WL 4778033, at *4 (D. Nev. Oct. 2, 2018); *ME2 Prods., Inc. v. Sanchez*, No. 2:17-cv-667-JCM-NJK, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018); *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds Plaintiffs' claim for quiet title, with a requested remedy of declaratory relief, is sufficiently pleaded and is meritorious. Specifically, Plaintiffs allege that at the time of the HOA foreclosure sale, Freddie Mac had an enforceable interest in the Property subject to the Federal Housing Finance Agency's ("FHFA's") conservatorship. (Compl. ¶ 5, ECF No. 1). Plaintiffs further allege that "[a]t no time did [FHFA] consent to the HOA Foreclosure Sale extinguishing or foreclosing Freddie Mac's interest in the Property." (*Id.* ¶ 41). Taking Plaintiffs' allegations as true, the Federal Foreclosure Bar protected Plaintiffs' DOT from being wiped out by the sale in the absence of FHFA's consent. *See Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) ("Because

Freddie Mac possessed an enforceable property interest and was under the Agency's conservatorship at the time of the homeowners association foreclosure sale, the Federal Foreclosure Bar served to protect the deed of trust from extinguishment."); *Green Tree Servicing, LLC v. Collegium Fund LLC Series 31*, No. 2:15-cv-0700-GMN-GWF, 2018 WL 4682327, at *5 (D. Nev. Sept. 28, 2018).

The fourth factor weighs in favor of default judgment because Plaintiffs seek only declaratory relief and no monetary damages against Operture. (Mot. for Default J. 1:23–2:4, 7:25–8:3). The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors Plaintiffs. Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true, except for those allegations relating to damages." *ME2 Prods., Inc.*, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)).

With respect to the sixth *Eitel* factor, the Court finds Operture's failure to appear was not the result of excusable neglect. Operture was served on December 14, 2017, and its answer was due on January 4, 2018, (ECF No. 9). The clerk entered default against Operture on March 13, 2018, (ECF No. 11), and Plaintiffs filed the instant Motion on March 30, 2018, (ECF No. 12). Operture's failure to appear or otherwise file anything with respect to Plaintiffs' motions during this time period counsels against a finding of excusable neglect. *See ME2 Prods., Inc.*, 2018 WL 1763514, at *3; *O'Brien*, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, (ECF No. 12), is **GRANTED** pursuant to the foregoing.

The clerk of court is instructed to close the case and enter judgment accordingly.

**DATED** this __4__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court