1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NATIONSTAR MORTGAGE LLC; and          )
FEDERAL HOME LOAN MORTGAGE          )
CORPORATION,                                             )          Case No. 2:17-cv-03056-GMN-PAL
                                                                    )
                            Plaintiffs,                      )          **ORDER**
            vs.                                                 )
                                                                    )
OPERTURE INC.,                                        )
                                                                    )
                            Defendant.                   )
_____)

        Pending before the Court are the Motions to Vacate Default Judgment, (ECF Nos. 18,
19), filed by Defendant Operture Inc. ("Defendant").  Plaintiffs Nationstar Mortgage LLC and
Federal Home Loan Mortgage Corporation ("Plaintiffs") filed a Response, (ECF No. 20).  For
the reasons discussed below, the Court **DENIES** Defendant's Motions to Vacate Default
Judgment.

## I.      BACKGROUND

        This case arises from a foreclosure sale concerning real property located at 8101 W.
Flamingo Road, Unit 1010, Las Vegas, Nevada ("the Property"), conducted on January 14,
2015. (Compl. ¶ 1, ECF No. 1).  Defendant purportedly purchased the Property at that sale.  On
December 13, 2017, Plaintiffs initiated this case by filing their Complaint, (ECF No. 1),
contending that the foreclosure sale to Defendant did not extinguish their deed of trust; and
thus, Plaintiffs sought to quiet title with the Property, declaratory relief, and a preliminary
injunction. (*Id.*).

        On December 14, 2017, Plaintiffs, through a process server, served a copy of the
Complaint and Summons to Melanie Galero, the registered "Service of Process Administrator"
for Defendant, at Defendant's registered address of 3773 Howard Hughes Parkway, Suite 500S,

Las Vegas, Nevada 89169. (Aff. Service, ECF No. 9).  Plaintiffs filed an Affidavit of Service with the Court five days later stating that Defendant had been served with process. (*Id.*).

Because Defendant failed to plead or otherwise defend in this action, Plaintiffs moved for Entry of Clerk's Default on February 6, 2018. (Mot. Entry Clerk's Default, ECF No. 10). The Clerk of Court entered Default against Defendant one month later. (Clerk's Entry Default, ECF No. 11).  Roughly two weeks after entry of Default, Plaintiffs moved for default judgment against Defendant. (Mot. Default J., ECF No. 12).  The Court granted default judgment on March 4, 2019. (Order, ECF No. 15).  Nearly one year later, Defendant filed the pending Motions seeking to vacate the default judgment. (Mots. Vacate Default J., ECF Nos. 18, 19).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4).  A judgment is void, for example, when a court entered it without jurisdiction over the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Moreover, if a defaulted party can demonstrate that service of process to it was defective, then the court can vacate the default judgment without the defaulted party having to show a meritorious defense. *Zurich Am. Ins. Co. v. Sealink Ins. Serv. Corp.*, 752 F. App'x 406 (9th Cir. 2018) (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980)).  A party can bring a motion under FRCP 60(b)(4) at any time. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Federal Rule of Civil Procedure 60(b)(1) allows the Court to relieve a party from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  According to the Ninth Circuit, a trial court may deny a Rule 60(b) motion to vacate default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985) (citing *Falk v. Allen*,

739 F.2d 461, 463 (9th Cir. 1984)).  A court may deny a motion to vacate default judgment based on any one of the listed factors not weighing in favor of the defaulted party. *Meadows*, 817 F.2d at 521; *Bayview Loan Servicing, LLC for Wilmington Sav. Fund Soc'y, FSB per ECF No. 33 Order v. Trejo*, No. 2:17-cv-01016-MMD-NJK, 2019 WL 6134471, at \*2 (D. Nev. Nov. 18, 2019).

## III.    <u>DISCUSSION</u>

Defendant Operture, Inc. moves for the Court to vacate the default judgment entered against it pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(1). (Mot. Vacate Default J. at 3).  For the reasons discussed below, Defendant's arguments are without merit.

### A. Representation by Counsel

At the outset, Micah Buitron acting pro se filed the Motions to Vacate Default Judgment on behalf of Defendant Operture, Inc. (Mot. Vacate Default J. at 1) (requesting that the Court allow "Micah Buitron (aka Edward Bui)" to proceed as a pro se litigant as the "sole member of Operture").  Yet the Nevada Secretary of State's website does not list Micah Buitron or Edward Bui as being affiliated with Operture, Inc. (Nev. Secretary of State Website, Ex. A to Pl.'s Resp., ECF No. 20-1).  Even if it did, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Schaefer v. Hundley*, No. 2:15-cv-02017-RFB-VCF, 2020 WL 2773476, at \*2 (D. Nev. May 27, 2020) (citing 28 U.S.C. § 1654).  Micah Buitron thus may not appear on a pro se basis for Operture Inc. to seek relief from the default judgment.

### B. Rule 60(b)(4)

Even if Micah Buitron could properly represent Defendant, the current arguments for relief from judgment fail on their merits.  Mr. Buitron first moves for the Court to vacate default judgment against Defendant on the ground that the Court lacked jurisdiction over it due to insufficient service of process, which purportedly deprived Defendant an opportunity to be

heard. (Mot. Vacate Default J. at 3–4).  As discussed below, the Court finds that it had

jurisdiction over Defendant when entering default judgment because Plaintiffs' service of

process complied with the applicable requirements.

Defendant is a corporate entity, so service of process against it must comply with

Federal Rule of Civil Procedure 4(h).  Pursuant to Federal Rule of Civil Procedure 4(h), a

corporation may be served either "by delivering a copy of the summons and of the complaint to

an officer, a managing or general agent, or any other agent authorized by appointment or by

law to receive service of process," or in the manner prescribed by the state law in which the

district court is located. Fed. R. Civ. P. 4(h).  Here, the Court considers the manner prescribed

by Nevada law.  And in Nevada, if the suit is against an entity formed under Nevada law,

registered to do business in the state, or that appointed a registered agent in the state, service

may be accomplished by serving "the registered agent thereof." Nev. R. Civ. P. 4.2(c)(1).

Plaintiffs provided prima facie evidence of valid service through the Affidavit of Service

filed with the Court, (ECF No. 9).  The burden of proof consequently rests with Defendant to

show entitlement to relief under FRCP 60(b)(4). *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509

F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d

1394, 1398 (7th Cir. 1993)) (explaining the substantial burden that a defendant holds in proving

entitlement to relief under FRCP 60(b)).  Defendant has not satisfied that burden.

To explain, Defendant moves for the Court to find the default judgment "void" because

Plaintiffs should have searched for Mr. Buitron's information in the Federal Bureau of Prisons

registry and served Defendant at that address—and the failure to do so purportedly violated due

process by depriving Defendant "an opportunity to be heard." (Mot. Vacate Default J. at 4).

However, service of process in Nevada is "valid regardless of whether the status of the entity in

the records of the Secretary of State is in default or is revoked . . . if such process is served

within 3 years after the entity's date of default." Nev. Rev. Stat. 14.020(2).  The Nevada

Secretary of State's website lists Defendant's registered agent as Incorp Services, Inc. located at 3773 Howard Hughes Pkwy., Suite 500S, Las Vegas, NV 89169. (Nev. Secretary of State Website, Ex. A to Pl.'s Resp., ECF No. 20-1).  The website also lists Defendant's entity status as "revoked" as of May 31, 2016. (*Id.*).  Accordingly, Plaintiffs properly served Defendant by delivering a copy of the Complaint and Summons to Defendant's registered agent on December 14, 2017, within three years after the Nevada Secretary of State revoked Defendant's entity status. (Aff. Service, ECF No. 9).  This Court consequently had jurisdiction over the parties and validly entered default judgment against Defendant.

### C. Rule 60(b)(1)

Micah Buitron also moves for the Court to vacate default judgment against Defendant on the ground that Defendant's failure to answer was not intentional, but rather because it could not have responded unless Plaintiffs served Defendant's sole member (Micah Buitron) in prison. (Mot. Vacate Default J. at 3–4).  As explained below, the Court denies Defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(1) because Defendant's culpable conduct led to the default judgment against it, Plaintiffs would be prejudiced if the default judgment were now vacated, and Defendant has not demonstrated a meritorious defense.

Addressing first culpable conduct, it is not clear from the record whether Defendant ever received actual notice of this case before entry of judgment.  However, as articulated in the FRCP 60(b)(4) analysis, Plaintiffs properly served Defendant by delivering a copy of the Complaint and Summons to Defendant's registered agent on December 14, 2017. (Aff. Service, ECF No. 9).  Defendant failed to ensure that an address other than the one for its registered agent was accessible and listed for purposes of service.  Therefore, the evidence here supports a finding that Defendant had constructive notice of this action through the service of process to its registered agent, yet Defendant failed to answer.

Next, concerning prejudice, Plaintiffs explain that vacating the default nearly one year

after entry of judgment would result in harm to a settlement between the Government and Nationstar involving the Property. (Resp. 6:24–27) (explaining that the settlement centers on the Government's forfeiture action against Edward Bui, *United States v. Edward Bui a/k/a Micah Buitron*, Case No. CR17-112-RAJ, and noting that Plaintiffs have already "recorded the default judgment and release[d] the lis pendens" in the time since the Court closed this case). The Court agrees that this potential harm constitutes sufficient prejudice to warrant denial of Defendant's request to vacate the default judgment.

Lastly, Defendant has not articulated a meritorious defense to warrant vacating the default judgment. As Plaintiffs note in their Response and allege in their Complaint, sale of the Property to Defendant likely did not extinguish Plaintiffs' deed of trust because the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), preempts Nevada's superiority lien scheme. (Resp. 4:1–11); (Compl. ¶¶ 1–8, 18–148); *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). Defendant provides no argument or evidence showing that these preemption principles do not apply in this case so that the foreclosure sale extinguished Plaintiffs' deed of trust on the Property.[1]

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motions to Vacate Default Judgment, (ECF Nos. 18, 19), are **DENIED**.

July 30, 2020

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1]  Micah Buitron broadly asserts that the default judgment is void because the Court lacked personal jurisdiction over Defendant. (Mot. Vacate Default Judgment at 4, ECF No. 18). However, for the reasons stated in Plaintiffs' Response, (ECF No. 20), the Court finds that it had personal jurisdiction over Defendant in this action. Indeed, all claims arise from Defendant's purchase of the Property in Nevada affecting Plaintiffs' property interests.